**Not For Publication**                                                                                                    **Closed**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CORY MASTBETH, | : | Civil Action No. 04-4675 |
| | : | |
| Plaintiff, | : | |
| | : | **ORDER & OPINION** |
| vs. | : | |
| | : | August 3, 2005 |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**HOCHBERG, District Judge.**

　　This matter having come before the Court upon a Petition seeking review of the Administrative Law Judge's ("ALJ") final determination partially denying an application for Social Security Disability Insurance Benefits. The Court having reviewed the parties' submissions pursuant to Rule 78 of the Federal Rules of Civil Procedure; and

　　it appearing that a five-step sequential evaluation is used to determine whether a claimant is entitled to benefits. 20 C.F.R. § 404.1520; and

　　it appearing that if the analysis proceeds to the fifth step, the Commissioner bears the burden of demonstrating that jobs exist in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985); and

　　it appearing that, according to the ALJ's decision, Plaintiff has exertional and non-

exertional limitations;[1] and

it appearing that when a claimant has both exertional and non-exertional impairments, the Commissioner cannot meet his burden of proof for step-five by relying exclusively on the Medical-Vocational Guidelines ("Grids") (20 C.F.R. § 404 Subpart P, Appendix 2) to determine whether jobs exist in sufficient numbers that the claimant can perform, but rather, must apply the Third Circuit's decision in Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000); and

it appearing that Sykes v. Apfel requires the ALJ to consider testimony from a vocational expert or other similar evidence such as a learned treatise.[2]  Id.

**IT IS** on this 3rd day of August 2005,

**ORDERED** that the instant case is **REMANDED** for further review in accordance with Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000); and it is further

**ORDERED** that this case is closed.

                                            /s/ Faith S. Hochberg

                                            Hon. Faith S. Hochberg, U.S.D.J/

---

[1] Plaintiff claimed that he became disabled on July 15, 2002 because of debilitating pain from his neck down to his toes, pain in his shoulders, muscle spasms and burning, numbness and tingling in his hands and feet.  Other alleged symptoms included nausea, dizziness, shortness of breath, drowsiness, diarrhea, gastric reflux, vomiting and weakness.  On February 25, 2003, Plaintiff applied for Social Security Disability Insurance Benefits.  He requested reconsideration which was denied on July 1, 2003.  On July 11, 2003, Plaintiff submitted a request for a hearing.  An ALJ heard the case on March 15, 2004 and Plaintiff appeared without representation.  The ALJ issued a decision on May 12, 2004, stating that given "[Plaintiff's] exertional and nonexertional limitations...a finding of 'not disabled' [was] appropriate..."  ALJ opinion, p. 8.

[2] Sykes also permits the Commissioner to provide notice that the Commissioner intends to take or is taking administrative notice that a claimant's non-exertional limitations do not significantly erode the occupational base, as long as the claimant is given the opportunity to respond before the Commissioner can deny the claim.  Here, after finding that Plaintiff had both exertional and non-exertional limitations, the ALJ relied exclusively on the vocational grids, failing to meet the standard set forth in Sykes.  228 F.3d at 259.